UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21861-CIV-GOODMAN

[CONSENT CASE]

MAURICE WILKINS, as parent
and natural guardian of BRYCEN
WILKINS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., d/b/a
ROYAL CARIBBEAN INTERNATIONAL,
a foreign corporation,

    Defendant.

_____/

## ORDER APPOINTING GUARDIAN AD LITEM

This cause is before the Undersigned on the parties' Joint Motion for Approval of Settlement [ECF No. 18] and an October 22, 2014 hearing.[1]

The Parties have advised the Court that they have reached a settlement in this case, which involves a minor.

Federal Rule of Civil Procedure 17(c)(1) authorizes a "general guardian" to "sue or defend on behalf of a minor." Rule 17(c)(2) provides that a minor "who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." It also provides that the Court "must appoint a guardian ad litem – or issue

---

[1] The Undersigned previously appointed a guardian ad litem in this case [ECF No. 26], however, that person had a conflict that prevented him from undertaking this role. This Order appoints a new guardian.

1

another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."

Although these rules do not expressly address when the Court should appoint a guardian ad litem to represent a minor who, as is the case here, is *already* represented by a parent in litigation, the Court has discretion to appoint or not appoint a guardian ad litem in a particular case. *Burke v. Smith,* 252 F.3d 1260, 1264 (11th Cir. 2001); s*ee generally Ferrelli v. River Manor Health Center,* 323 F.3d 196 (2d Cir. 2003) (decision to appoint a guardian ad litem is governed by the abuse of discretion standard).

Because the settlement involves a minor, the Court believes it is prudent to appoint a guardian ad litem to review the terms of the settlement agreement to ensure that the terms are fair to the minor and that the Parties have taken all steps necessary to protect and preserve the interests of the minor in the settlement proceeds should the Court approve the settlement.

Therefore, it is **ORDERED AND ADJUDGED** that:

1. Attorney Gregg R. Schwartz (Florida Bar # 386110) is appointed to serve as guardian ad litem for Brycen Wilkins in connection with the settlement of this personal injury lawsuit;

2. Mr. Schwartz is directed to file a succinct Guardian Ad Litem Report with the Court once he has reviewed the terms of the Settlement Agreement. The Report shall (1) list the materials reviewed by the guardian ad litem; (2) list the other

information considered by the guardian ad litem, such as conversations with Plaintiff's counsel; (3) state any physical, mental and/or psychological damages suffered by the minor child and note whether any damages are permanent or in any way disabling; (4) state the current and projected costs of treatment for physical, mental and/or psychological damages suffered by the minor child; (5) state whether the proposed settlement will adequately cover those current and projected costs; (6) explain what steps are necessary or suggested to preserve the minor's interest in the settlement proceeds;[2] (7) set forth the amount of attorney's fees and costs; (8) explain whether the type, quantity and quality of the attorney's work in this case justifies the amount of attorney's fees; (9) set forth the experience and qualifications of Plaintiff's attorney; and (10) state whether he recommends that the Court approve the proposed settlement. The

---

[2] At the hearing, the Court discussed the notion that the account containing the proceeds be restricted so that the principal and interest could not be withdrawn until the minor reaches the age of majority.  Upon further reflection, the Undersigned does not believe this condition should necessarily be imposed now by the Court.  Instead, the guardian ad litem shall evaluate this possibility in his Report and make an appropriate recommendation. There may well be entirely appropriate reasons for Mr. Wilkins to withdraw funds from an account for his child's benefit before Brycen reaches the age of majority. To provide one hypothetical illustration, Brycen might want to attend a summer camp focused on engineering because he is considering an engineering college after high school. If the camp costs $7,500, then that expenditure might be entirely appropriate even though it constitutes a not insignificant portion of the settlement proceeds. Thus, under this hypothetical, an account restriction preventing any withdrawals might actually be to Brycen's detriment. But the Undersigned will await the Report before reaching any final decisions about the structure of the mechanism established to protect Brycen's interest in the settlement proceeds.

Guardian Ad Litem Report shall be filed under seal within thirty (30) days of this Order.

3. Plaintiff, Plaintiff's counsel, Defendant and Defendant's counsel are directed to provide full and complete cooperation to the guardian ad litem.

4. In order to avoid any undue delay, Plaintiff's counsel shall contact Mr. Schwartz within three days of this Order and also send him a copy of this Order.

**DONE AND ORDERED** in Chambers, in Miami, Florida, October 28, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record